**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 13 |
| | ) | Honorable Jacqueline P. Cox |
| Thomas C. Chirillo, | ) | |
| | ) | Case No. 19 B 30201 |
| Debtor. | ) | |

**NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**TO:   DEBTOR, DEBTOR'S COUNSEL, CHAPTER 13 TRUSTEE:**

Please take notice that on June 1, 2020, at 9:00 a.m. or as soon thereafter as the same may be heard, the undersigned will present to the Honorable Jacqueline P. Cox (or any other judge who may be presiding in his or her place), in Courtroom 680, Everett M. Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, the attached motion for relief from the automatic stay.

**A party who objects to this motion and wants it called before the Court must file a Notice of Objection no later than two (2) business days before the presentment date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion without a hearing before the presentment date.**

RIEZMAN BERGER, P.C.

**/s/ Kathryn A. Klein**
Kathryn A. Klein, #06199235
7700 Bonhomme, 7th Floor
St. Louis, MO 63105
(314) 727-0101
Fax (314) 727-1086

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 13 |
| | ) | Honorable Jacqueline P. Cox |
| Thomas C. Chirillo, | ) | |
| | ) | Case No. 19 B 30201 |
| Debtor. | ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW Selene Finance, LP ("Secured Creditor"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1.    Debtor filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on October 23, 2019.

2.    Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3.    On July 19, 2005, Borrower, Thomas C. Chirillo, executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the principal amount of $92,150.00 to Bancgroup Mortgage Corporation, an Illinois Corporation. The Mortgage was recorded on August 8, 2005 at Document Number 0522020154 of the Public Records of Cook County, Illinois.  The loan was transferred to Secured Creditor, and upon information and belief, Secured Creditor is the holder of the Note. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A."   The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other

applicable documentation.

4.      The Mortgage provides Secured Creditor a lien on the real property located in Cook County, Illinois, and legally described as stated in Composite Exhibit "A".   This property is located at the street address of: 10739 S. Pulaski Road, #1A, Chicago, IL 60655.

5.      The terms and conditions of the Note and Mortgage are in default due to a failure to make payments for February 1, 2020 through and including April 1, 2020 in the amount of $1,096.78. As such, Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor's failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest.

6.      Secured Creditor is due the amount of $122,443.47, good through April 27, 2020. Documentation supporting this claim is attached hereto as Exhibit "B".

7.      According to the Cook County Assessor valuation, the value of the property is $48,040.00.   *See* Exhibit "C" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).   There is no substantial equity in the property.

8.      Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to 11 U.S.C. §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral in that post-petition payments are not being made.   The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor.   Secured Creditor additionally seeks relief from the Automatic Stay pursuant to 11 U.S.C. §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

9.      If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10.     Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

11.     Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

WHEREFORE, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

RIEZMAN BERGER, P.C.

**/s/ Kathryn A. Klein**
Kathryn A. Klein, #06199235
7700 Bonhomme, 7th Floor
St. Louis, MO.   63105
(314) 727-0101
klein@riezmanberger.com
Attorneys for Secured Creditor

## PROOF OF SERVICE

The undersigned states that I served the Motion for Relief from the Automatic Stay, Notice of said Motion, and proposed Order, all as attached, upon the Debtor by postage prepaid, in the United States Mail, by first-class mail and upon the other parties named below via electronic means, on May 15, 2020.

| | |
|---|---|
| Thomas C. Chirillo<br>10739 South Pulaski, Unit 1A<br>Chicago IL 60655 | Debtor |
| Martin J. O'Hearn<br>10047 S. Western Ave.<br>Chicago IL 60643 | Attorney for Debtor |
| Tom Vaughn<br>55 E. Monroe St., Suite 3850<br>Chicago IL 60603 | Chapter 13 Trustee |
| Office of the United States Trustee<br>219 S. Dearborn St., Rm. 873<br>Chicago, IL 60604 | |

**/s/ Kathryn A. Klein**